**2007 BNH 015**

___

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 06-10092-JMD |
| | Chapter 7 |
| Karl R. Comtois and | |
| April J. Comtois, | |
|         Debtors | |
| | |
| Karl R. Comtois, April J. Comtois, and | |
| Lawrence P. Sumski, Trustee, | |
|         Plaintiffs | |
| v. | Adv. No. 06-1067-JMD |
| | |
| MAK Investments, LLC, | |
|         Defendant | |

*Peter S. Wright, Esq.*
*Franklin Pierce Law Center*
*Civil Practice Clinic*
*Concord, New Hampshire*
*Attorney for Plaintiffs/Debtors*

*Grenville Clark, III, Esq.*
*Gray, Wendell & Clark, PC*
*Manchester, New Hampshire*
*Attorney for Defendant*

## MEMORANDUM OPINION

### I. INTRODUCTION

     Karl and April Comtois (the "Debtors") filed a voluntary petition under chapter 13 of the Bankruptcy Code[1] on February 8, 2006 (the "Petition Date"). The Debtors and Lawrence

___

[1] In this opinion the terms "Bankruptcy Code," "section" and "§" refer to title 11 of United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

Sumski, the chapter 13 trustee (collectively, the "Plaintiffs") commenced this adversary proceeding on March 13, 2006, by filing a complaint against MAK Investments, LLC (the "Defendant").  The Plaintiffs amended the complaint on June 30, 2006 (the "Complaint").  On September 27, 2006, the Plaintiffs filed a motion for partial summary judgment on Counts I, II and V of the Complaint (the "SJ Motion").  After a hearing on November 7, 2006, the Court took the SJ Motion under advisement.  On November 10, 2006, the Debtors converted their bankruptcy case to a proceeding under chapter 7.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II.  FACTS

For the purposes of the SJ Motion, the facts are undisputed.  The Debtors acquired their home in Manchester in 2002 (the "Residence").  In 2005, they became delinquent in the payment of their mortgage to Countrywide Home Loans ("Countrywide").  The original principal balance on the mortgage to Countrywide was $217,600.00.  As of early July 2005, the delinquency on the mortgage was $23,923.58 (the "Reinstatement Amount"), and Countrywide had scheduled a foreclosure sale for July 27, 2005.  During the first week of July 2005, the Debtors were approached by Brian Colsia, a member of the Defendant.  Colsia offered to lend the Debtors the Reinstatement Amount under certain terms and conditions.  The Debtors accepted his proposal.

Under the terms of a Loan Agreement and Promissory Note dated August 1, 2005 (the "Agreement"), the Debtors agreed that (1) the Defendant had advanced on their behalf the Reinstatement Amount to Countrywide; (2) the "funds advanced" were to be due and payable twelve months from August 1, 2005; (3) the "total amount due shall be $47,865.16;" and (4) the Debtors would make payments in the amount of the monthly payment on the mortgage to the Defendant on or before the fifth day of each month.  Pursuant to the Agreement, the Debtors executed and delivered to the Defendant a warranty deed (the "Conveyance") for the Residence which was "to be held by [the Defendant] in escrow to ensure compliance with the terms [of the Agreement]."  In the event that the Debtors failed to timely forward mortgage payments to the Defendant, it could record the warranty deed "to protect its interests."  Upon payment in full of all outstanding debt to the Defendant by the Debtors, the unrecorded deed was to be returned to the Debtors.

The Defendant paid the Reinstatement Amount to Countrywide, but the Debtors defaulted on their obligation to make monthly mortgage payments to the Defendant. Consequently, on December 8, 2005, the Defendant recorded the deed to the Residence.  The Defendant subsequently commenced eviction proceedings against the Debtors.  An eviction hearing was scheduled for the Petition Date but was stayed by the filing of the Debtor's bankruptcy petition.

### III.  DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, a summary judgment motion should

3

be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Genuine," in the context of Rule 56(c), "means that the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party." Rodriguez-Pinto v. Tirado-Delgado, 982 F.2d 34, 38 (1st Cir. 1993) (quoting United States v. One Parcel of Real Prop., 960 F.2d 200, 204 (1st Cir. 1992)). "Material," in the context of Rule 56(c), means that the fact has "the potential to affect the outcome of the suit under applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993). Courts faced with a motion for summary judgment should read the record "in the light most flattering to the nonmovant and indulg[e] all reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodriguez, 23 F.2d 576, 581 (1st Cir. 1994).

The SJ Motion is seeking summary judgment in favor of the Plaintiffs on three of the five counts in the Complaint. Each of the three counts and the remedies available under the first two counts shall be discussed in turn.

### A. Count I – Violation of NH RSA 358-K

NH RSA 358-K applies to consumer credit transactions and requires interest on closed-end consumer credit transactions to be contracted for at an annual rate of interest on the scheduled outstanding balances according to the actuarial method and to be collected only as earned on actual unpaid balances for the actual time outstanding. NH RSA 358-K:4. The statute prohibits the advanced collection of interest in closed-end consumer credit transactions. NH RSA 358-K:3. Such interest must be collected only as earned. Id. The parties do not dispute that the provisions of NH RSA 358-K apply to the Agreement or that the Defendant is a

"creditor" within the meaning of the statute. However, they do dispute whether the Defendant has violated one or more provisions of the statute. Under the Agreement, the Debtors were obligated to make two types of payments, a fixed "total amount due" and a monthly payment equal to the amount of the first mortgage.

The Plaintiffs contend that under the Agreement the difference between the Reinstatement Amount and the total due under the Agreement ($47,865.16 - $23,932.58 = $23,932.58) represents interest charged on a pre-computed basis and not according to the actuarial method required by NH RSA 358-K.[2] The Defendant argues that although the difference is an amount equal to the Reinstatement Balance, the Agreement does not specify that it is for interest and that it could well be for "other charges," the advanced collection of which is permitted under NH RSA 358-K:3. However, the Defendant has offered no identification of such charges or any explanation of how "other charges" could equal one hundred percent of the original advance.[3] The term "interest" in the statute means "the price charged for money loaned or debt deferred." NH RSA 358-K:1(XII). Therefore, in the absence of any identification of the nature or amount of such other charges, the Defendant's argument has merit only if the Court believes that the Defendant did not intend to contract for or collect any interest charge whatsoever for the period of time between the advance of the Reinstatement Amount by the Defendant and the repayment of such amount by the Debtors under the terms of the Agreement. The Defendant has not raised any credible factual dispute that the difference between the

---

[2] The Agreement does not describe any portion of the total due as interest.

[3] The Court notes that paragraph 6 of the Agreement expressly provides that in the event of default, the Debtors are liable for reasonable attorney's fees, recording fees and transfer taxes incurred by the Defendant to secure payment under the Agreement. Accordingly, the expenses of default and collection are not included in the total amount due under the Agreement.

Reimbursement Amount and the total due under the contract does not include interest in some amount.  Therefore, based upon the summary judgment record, the Court finds that some portion of that amount is interest on the funds advanced as the Reimbursement Amount.

      The Defendant argues that the monthly payments due under the Agreement are not payments to the Defendant but are described in the Agreement as "first mortgage payments" and that the Defendant was merely a conduit for payments that the Debtors were contractually obligated to make to Countrywide.  Therefore, the Defendant argues any interest component in the monthly payments was being paid pursuant to a contract with Countrywide, not the Defendant.  The Court agrees with the Defendant on this point.  The monthly payments under the Agreement were in an amount exactly equal to the amount owed to a third party, not the Defendant.  The Agreement contemplates that such payments would be received by the Defendant on or before the fifth day of the month for which they were due and, in order to avoid late charges, would require the Defendant to forward them to Countrywide for receipt on or before the fifteenth day of each month.  Although the Agreement is silent on the obligation of the Defendant to timely forward such monthly payments to Countrywide, its failure to do so would arguably be a breach of contract rendering it liable for the amount of any such late charges.

      NH RSA 358-K:4 requires interest to be "contracted for" at an annual rate computed only on the scheduled outstanding balances of the amount financed.  There is no material dispute in the summary judgment record that the Agreement does not state an annual rate of interest or that such interest may be collected only on the amount outstanding.  Since some portion of the total due under the Agreement represents interest on money loaned or debt deferred without compliance with the requirements of NH RSA 358-K:4 with respect to contracting for interest,

6

the Defendant has violated the statute.  See DeCato Bros., Inc. v. Westinghouse Credit Corp., 129 N.H. 504, 508-9 (1987) (violation of NH RSA 399-B for failure to state interest as a rate).  The Court shall grant summary judgment in favor of the Plaintiffs as to liability under Count I.

### B.  Count II – Violation of NH RSA 399-B

NH RSA 399-B:2 requires that "any person engaged in the business of extending credit shall furnish to each person to whom such credit is extended, concurrently with the consummation of the transaction or agreement to extend credit, a clear statement in writing setting forth the finance charges, expressed in dollars, rate of interest, or monthly rate of charge, or a combination thereof, to be borne by such person in connection with such extension of credit as originally scheduled."  NH RSA 399-B:2.  The statute defines "finance charges" to include interest, fees, service charges and other charges associated with an extension of credit.  NH RSA 399-B:1(II).  In the statute the term "credit" includes any loan, residential mortgage, deed of trust, advance, or other claim against, or for the delivery of, property or money.  NH RSA 399-B:1(I).  The Plaintiffs contend that the Agreement does not comply with the requirements of NH RSA 399-B:2 because it only discloses the total amount due but not the interest charged or the rate of interest.  The Defendant contends that the Agreement did comply with the requirements of the statute because the total due at the end of the term of the Agreement was clearly stated.

The statute clearly requires that the rate of interest or the total cost of interest be disclosed at the inception of the transaction.  The Agreement does not do so.  Even if the cost of the loan could be readily ascertained by subtracting the Reimbursement Amount from the total due, the Defendant has failed to comply with the requirements of NH RSA 399-B:2.  DeCato,

129 N.H. at 508-9.  Accordingly, summary judgment shall be entered in favor of the Plaintiffs as to liability under Count II.

### C. Remedies for Violations of NH RSA 358-K and 399-B

NH RSA 358-K and 399-B do not provide any civil penalties for violation; rather, these statutes provide only criminal penalties, i.e., violators shall be guilty of a misdemeanor or felony. NH RSA 358-K:5 ("Any person who willfully violates any provision of this chapter shall be guilty of a misdemeanor."); NH RSA 399-B:4 ("Whoever wilfully violates any provision of RSA 399-B shall be guilty of a misdemeanor if a natural person, or guilty of a felony if any other person.").  The Plaintiffs contend that the Defendant's conduct did not amount to even token compliance with either statute and that the purposes of the statutes may only be implemented by voiding the Agreement and transferring the Residence back to the Debtors.  Am. Home Improvement, Inc. v. MacIver, 105 N.H. 435, 439 (1964).  However, in MacIver, the New Hampshire Supreme Court voided the contract in question only after a careful consideration of the facts of the case and suggested voiding a contract is not a remedy for every violation of a consumer protection statute.  Subsequently, the New Hampshire Supreme Court approved the defense of accord and satisfaction to an action on an illegal contract.  DeCato, 129 N.H. at 511. The Defendant contends that the statutes do not provide any civil penalty for a violation and even if damages were warranted, the equitable remedy of rescission would require that the Defendant at least be reimbursed for the Reimbursement Amount.

This Court has previously voided a contract in violation of NH RSA 358-K and NH RSA 399-B where the violation was wilful and not a mere technical violation.  Arsenault v. Realty Funding Corp. (In re Arsenault), 184 B.R. 864, 873 (Bankr. D.N.H. 1995).  However, that

8

determination was made after trial on a full evidentiary record.  Violations of NH RSA 358-K or NH RSA 399-B may also constitute an unfair and deceptive trade practice under the provisions of NH RSA 358-A.  <u>Chroniak v. Golden Invest. Corp.</u>, 983 F.2d 1140, 1147 (1st Cir. 1993).  The Court notes that the Plaintiffs' claims under NH RSA 358-A are the subject of Count III of the Complaint and are not the subject of the SJ Motion.

Because the summary judgment record in this case does not contain sufficient evidence for the Court to determine the degree of the violation as required under New Hampshire law to fashion the remedy sought by the Plaintiffs under Counts I and II, and alleged violations of NH RSA 358-A are to be tried under Count III, the Court shall not grant summary judgment as to damages or remedy under Counts I and II.

**D.  Count V – Violation of NH RSA 398-A**

NH RSA 398-A was repealed effective September 12, 2005.  However, as of the date of the Agreement, August 1, 2005, the statute was in effect and prohibited any person from engaging in the business of second mortgage loans unless they had obtained a license from the bank commissioner.  NH RSA 398-A:1-a(I).  The Defendant had not obtained such a license.  The Plaintiffs contend that the statute governed the activities of the Defendant at the inception of the Agreement because (1) the Debtors' delivery of the warranty deed in escrow "to ensure compliance with the terms" of the Agreement constituted a mortgage under New Hampshire law; and (2) Countrywide's mortgage was in existence at the time the Agreement was executed therefore making the Defendant's mortgage second to Countrywide's mortgage.

Under New Hampshire law:

> Every conveyance of lands made for the purpose of securing the payment of money or the performance of any other thing <u>in the</u>

9

>       <u>condition thereof stated</u> is a mortgage within the meaning of this
>       chapter.

NH RSA 479:1 (emphasis added). The critical distinction between an absolute conveyance and a conditional conveyance (i.e., a mortgage) is that the conveyance be intended as security for an obligation and not absolute. "It is not enough that it is intended as a security, the conveyance must be on condition." <u>Moore v. Esty</u>, 5 N.H. 479, 491 (1831). Intent may not be proven by parole evidence. <u>Boody v. Davis</u>, 20 N.H. 140, 147 (1849).

Even if parties intend a conveyance to be security for an obligation, it is not a mortgage unless the conveyance is conditioned on performance of an obligation. <u>Id.</u>; <u>Lund v. Lund</u>, 1 N.H. 39, 41 (1817). It is not necessary that the conveyance contain every term of the obligation secured or every detail of the thing to be performed. <u>Somersworth Bank v. Roberts</u>, 38 N.H. 22, 27-28 (1859); <u>Boody</u>, 20 N.H. at 148. However, the delivery in escrow of a deed without conditions, together with a separate document conditioning delivery of the deed, does not constitute a mortgage unless the separate document is executed with the same formalities as the deed. <u>Bickford v. Daniels</u>, 2 N.H. 71 (1819); <u>Lund</u>, 1 N.H. at 41.

In this case, the Conveyance follows the statutory form for a warranty deed. <u>See</u> NH RSA 477:27. It contains no condition and is absolute on its face. The Conveyance was executed with the formalities required for a deed. NH RSA 477:3. The Agreement was not executed with the formalities required of a deed. <u>Id.</u> Accordingly, the Conveyance is not a mortgage under New Hampshire law, NH RSA 479:2; <u>Moore</u>, 5 N.H. at 492, and the Defendant has not violated NH RSA 398-A. The Court shall deny the SJ Motion with respect to Count V.

**IV. CONCLUSION**

10

The Court shall enter a separate order granting the SJ Motion as to liability under Counts I and II and denying the SJ Motion as to remedies and damages under Counts I and II and as to liability under Count V. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

ENTERED at Manchester, New Hampshire.


Date:   February 16, 2007                        /s/ J. Michael Deasy
                                                 J. Michael Deasy
                                                 Bankruptcy Judge